951 F.2d 1266
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gerardo B. BISMAR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3327.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1991.
 
 Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Gerardo B. Bismar petitions for review of a Merit Systems Protection Board (Board) decision, Docket No. SE08319010465, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 Bismar claims he is entitled to a deferred civil service retirement annuity based upon federal service at various times from November 8, 1948 to February 1960. The Board upheld OPM's determination that Bismar had not shown that he was employed by the federal government. 5 U.S.C. § 8333(a)-(b).
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Sections (a) and (b) of 5 U.S.C. 8333 provide that to be eligible for a civil service retirement annuity, an employee must have: (1) five years of creditable service, and (2) one year of service subject to the civil service retirement system during the last two years of service.
 
 
 4
 The Board determined that Bismar's personnel records "failed to identify any specific appointment authority that would indicate that he may have been covered by the [civil service retirement system] at any time." Bismar has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Employment by private companies, even if they are government contractors, is not employment by the federal government. Watts v. Office of Personnel Management, 814 F.2d 1576, 1580-81 (Fed.Cir.1987) (Service with a government contractor does not constitute employment under the CSRA.) Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.